AO106 (Rev. 12/03) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

One Black Motorola Cellular Telephone Without Photo Capabilities Seized From Irma Tijerina De Leyva and In The Custody of DEA

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

Case Number: **08 MJ 8263**

I, JEFFREY BUTLER _____ being duly sworn depose and say:

I am a(n) Special Agent with Drug Enforcement Administration _____ and have reason to believe
                      Official Title

that ☐ on the person of or ☑ on the property or premises known as (name, description and/or location)

REFER TO ATTACHMENT A

in the _____ SOUTHERN _____ District of _____ CALIFORNIA _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

REFER TO ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

electronic data that constitutes evidence of a criminal offense, and electronic data which is and has been used as the means for committing a cirminal offense.

concerning a violation of Title _____ 21 _____ United States code, Section(s) 841(a)(1), 846, 952, 960, 963

The facts to support a finding of probable cause are as follows:

REFER TO ATTACHED AFFIDAVIT OF DEA SPECIAL AGENT BUTLER.

FILED
MAR 18 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Continued on the attached sheet and made a part hereof: ☑ Yes ☐ No

Signature of Affiant

Sworn to before me and subscribed in my presence,

3-17-08 @ 12:30 pm _____ at _____ EL CENTRO _____ CALIFORNIA
Date                                                        City                            State

Peter C. Lewis _____ U.S. Magistrate Judge
Name of Judge           Title of Judge              Signature of Judge

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

One black Motorola cellular phone without photo capabilities, that was found in the personal property of Irma Tijerina De Leyva at the time of her arrest.



The cellular telephone to be searched is currently located at the DEA Imperial County District Office, Imperial, California.

ATTACHMENT B

ITEMS TO BE SEIZED

Any and all electronically stored information in said cellular phone, including:

a. telephone numbers of incoming/outgoing calls stored in the call registry

b. telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;

c. any incoming/outgoing text messages which evidences the relationship between the existence of a conspiracy to import, possess or sell controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963;

d. telephone subscriber information; and

e. any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular phone including photographs, e-mail, and voicemail which evidences the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963

1

## AFFIDAVIT

UNITED STATES OF AMERICA )
) SS
SOUTHERN DISTRICT OF CALIFORNIA )

I, Jeffrey Butler, being duly sworn, depose, and say:

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics investigation conducted by special agents of the United States Drug Enforcement Administration ("DEA") for the following target location: One black Motorola cellular phone without photo capabilities seized from Irma Tijerina De Leyva and in the custody of DEA.

2. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I believe the following items will be found in the cellular telephone to be searched further:

   a. telephone numbers of incoming/outgoing calls stored in the call registry;
   b. telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;
   c. any incoming/outgoing text messages;
   d. telephone subscriber information;
   e. any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular telephone including but not limited to e-mail, voicemail, and photos;

which evidences (1) the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963, (2) contraband, fruits of crime or things otherwise criminally possessed, and (3) property designed or intended for use or which is or has been used as a means of committing criminal offenses.

3. The information contained in this affidavit is based on my experience and training, consultation with other special agents of DEA, Supervisory and Patrol Agents of

the United States Border Patrol, Special Agents with Immigration and Customs Enforcement ("ICE"), and other federal agents and state law enforcement officers. The evidence and information contained herein was developed from interviews, documents, border crossing records available on the Treasury Enforcement Communication System ("TECS"), vehicle records from the California Department of Motor Vehicles ("DMV"), agency reports, and public records.

I

## EXPERIENCE AND TRAINING

4. I am a Special Agent with the Drug Enforcement Administration ("DEA"), and have been so employed for approximately three years. I am currently assigned to the Imperial County District Office. Prior to my current position as a Special Agent with the DEA, I was a police officer in the State of Oregon for approximately four years.

5. I have received training in all aspects of conducting narcotics investigations. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics and the collection of money proceeds of narcotics trafficking and methods of money laundering used to conceal the nature of the proceeds. I am familiar with, and have participated in, all of the normal methods of investigation including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of confidential sources and informants, the use of pen registers, the use of court authorized wire intercepts, and the use of undercover agents.

6. I have conducted investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well as investigations related to money laundering offenses involving the proceeds of specified unlawful activities and conspiracies associated with criminal narcotics, in violation of Title 21, United States Code, §§ 841(a)(1), 843(b), and 846, and Title 18, United States Code, 1956, 1957, and

371.   Throughout my career as a Special Agent with DEA, I have conducted and participated in investigations that have resulted in the seizure of multi-kilogram quantities of methamphetamine, cocaine, and marijuana, as well as the seizure of millions of dollars in narcotics proceeds.

## II
## DETAILS OF THE INVESTIGTION

7.   On December 13, 2007, at approximately 6:00PM, United States Border Patrol Agent ("USBPA") Jessica Christoffels was working primary inspection at the United States Border Patrol Checkpoint located on Highway 86, north of Westmorland, California. At that time, a white Nissan Altima with Baja California license plate entered primary inspection. The sole occupant of the vehicle was later identified as Irma Tijerina De Leyva ("Tijerina"). USBPA Christoffels questioned Tijerina as to her citizenship. Tijerina then presented her Immigration documents to USBPA Christoffels. USBPA Christoffels noticed at that time that Tijerina appeared nervous. Tijerina was subsequently referred to secondary inspection by USBPA Christoffels.

8.   Upon arrival at secondary inspection, USBPA Timothy Delgado contacted Tijerina and obtained consent to search the Altima and conduct a canine sniff as well. USBPA Delgado's service canine alerted to the Altima and after a search, USBPA Delgado discovered 15 bundles of suspected cocaine with an approximate weight of 38.7 pounds from inside after market compartments.

9.   DEA Special Agents Jeffrey Butler and Gerald Jernegen were called to continue with the investigation. SA Butler advised Tijerina of her Miranda warning and Tijerina agreed to answer questions without an attorney present.

10.   Tijerina told SA Butler that she was the owner of the Altima. Tijerina also told SA Butler that she was in possession of two phones that she owned, as well as a third phone that was from her friend.

11.   SA Butler searched Tijerina's property and found three phones described as:

3

  a. One black Nokia cellular phone with photo capabilities

  b. One black Motorola cellular phone without photo capabilities

  c. One black and white Motorola i425 cellular phone without photo capabilities

12. These phones were seized by SA Butler and transported to the Imperial County DEA office where they remain. Agents have not removed the batteries to determine further identifying information such as the serial number.

### III

### BASIS FOR EVIDENCE SOUGHT IN SEARCH WARRANTS

13. I have spoken with numerous individuals who have been involved in the use, sale, manufacture, cultivation, transportation, and illegal distribution of controlled substances and, from doing so, I have learned techniques commonly used by those involved in the distribution, cultivation, manufacturing, packaging, and transportation of controlled substances. I have worked with cooperating sources of information and from them have learned the ways in which narcotic traffickers and clandestine laboratory operators conduct business.

14. Through my training and experience, and in consultation with other agents and informants, I have learned that:

  a. Members of drug trafficking and distribution organizations communicate via cellular telephones and store the names and telephone numbers of other people involved in drug trafficking and distribution activities in the memory of the cellular telephones. Individuals involved in drug trafficking often utilize multiple cellular telephones to conduct narcotics trafficking transactions and other illegal activity.

  b. Members of drug trafficking and distribution organizations often utilize cellular telephones with photo capabilities to take photographs and videos of other members of drug trafficking and distribution organizations, drugs, money and assets purchased with drug proceeds.

4

## IV

## CONCLUSION

15. Based on my training and experience, consultation with other special agents and law enforcement officers, and all of the facts and opinions set forth in this affidavit, I have probable cause to believe that narcotics offenses, including violations of 21 U.S.C. §§ 841(a)(1), 843(b), 846, have been committed and evidence of the crimes will be found in the cellular telephone described in Attachment A. I believe that names, nicknames, and/or telephone numbers of other co-conspirators involved in, and associated with, drug trafficking and distribution, as well as data describing the time, date, and duration of incoming and outgoing calls to the cellular phone.

16. Wherefore, your affiant respectfully requests a warrant be issued authorizing DEA Task Force Officers and Special Agents to examine, analyze, and make record of the contents of the information stored in the seized cellular telephone described in Attachment A.

This Affidavit is based on reports, documents, and notes furnished to Drug Enforcement Administration Special Agent Jeffrey Butler.

JEFFREY BUTLER
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
this 12 day of March, 2008

PETER C. LEWIS
United States Magistrate Judge

5